[No. 11136. Department Two. August 12, 1913.]

J. N. BOGART, *Plaintiff*, v. SOUND MOTOR COMPANY, *Defendant*, C. E. BREAKEY, *Garnishee Defendant*, E. C. MILLION, *Intervener and Appellant*, KINGSTON WHARF COMPANY, *Intervener and Respondent*.[1]

WHARVES—LEASE—ABANDONMENT—RIGHT TO EARNINGS. Upon the abandonment of a wharf by a lessee, the lessor refusing the required consent to an assignment of the lease, the right to possession and subsequent earnings reverted to the original owner, as against the lessee and one claiming under it.

Appeal from a judgment of the superior court for King county, Main, J., entered September 30, 1912, in an intervention. Affirmed.

*George Friend*, for appellant.

*C. H. Winders*, for respondent.

FULLERTON, J.—The Kingston Wharf Company owns a dock situated on Puget Sound near the town of Kingston.

[1]Reported in 134 Pac. 468.

On August 18, 1908, the company leased the dock to one Smith for a term of ten years, the lease being conditioned that the lessee should maintain and keep in repair the dock and pay to the lessor the sum of $15 per annum. The lease also contained a clause to the effect that the lease should not be assigned without the written consent of the lessor. On October 2, 1910, Smith, with the written consent of the lessor, assigned the lease to the Sound Motor Company, the lessor stipulating in the consent given to the assignment that the assignor of the lease should not further assign the lease without its written consent. On July 12, 1910, E. C. Million advanced money to the Sound Motor Company, and took an assignment of the lease subject to consent of the lessor. This consent the lessor refused to give, and Million subsequently made no claim of interest in the property by virtue of the assignment. At the time of the execution of the lease to Million, the dock was in possession of one Breakey, who held as agent of the Sound Motor Company. The motor company, at the time of the assignment to Million, abandoned its control over the dock; in fact, it ceased from that time to do business as a going concern. The dock, however, continued in the possession of Breakey, and on October 1, 1910, the motor company assigned to Million all money then due or thereafter to become due as wharfage for the use of the dock until the same should amount to $750.

While the Sound Motor Company was in possession of the dock, it incurred a liability for repairing the same to one Bogart in the sum of $678. Thereafter Bogart sued the company and obtained a judgment against it for the amount due, and on November 28, 1910, sued out a writ of garnishment against the wharfinger Breakey, alleging that he had money and property in his possession belonging to the Sound Motor Company. The garnishee answered the writ averring that he had in his possession the sum of $263.05 which he had collected as wharfage and which he was desirous of paying over to whomsoever it might belong; averring, further, that

the same was claimed by Million in virtue of the assignment from the Sound Motor Company, and by the Kingston Wharf Company, in virtue of its ownership of the property, and asked that these parties be brought into the proceedings, and required to set forth their claims and that he be permitted to pay the money in his hands to whomsoever it should be adjudged it rightfully belonged. The Kingston Wharf Company and Million thereafter intervened in the proceedings, and on the hearing the court adjudged the money to belong to the Kingston Wharf Company. Million appeals.

It is our opinion that the judgment is right. The evidence makes it clear that none of the money in the hands of garnishee was earned by the dock prior to the abandonment of it by the Sound Motor Company. Upon such abandonment, the right of possession of the wharf, and the right to its earnings, reverted to the original owner of the property, and thereafter it was entitled, as against the Sound Motor Company or any one claiming under it, to the wharf's earnings.

The judgment is affirmed.

CROW, C. J., ELLIS, MORRIS, and GOSE, JJ., concur.